## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **DONALDSON COMPANY, INC.,** | Civil No. |
| Plaintiff, | |
| v. | **COMPLAINT AND** |
| | **DEMAND FOR JURY TRIAL** |
| **BALDWIN FILTERS, INC.,** | |
| Defendant. | |

Plaintiff Donaldson Company, Inc. ("Donaldson"), for its Complaint against defendant Baldwin Filters, Inc. ("Baldwin"), states and alleges as follows:

### PARTIES

1.      Plaintiff Donaldson is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1400 West 94th Street, Bloomington, Minnesota 55431.

2.      Defendant Baldwin is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 4400 E. Highway 30, Kearney, Nebraska 68847.

### JURISDICTION AND VENUE

3.      The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a).

5.     This Court has personal jurisdiction over Baldwin under Minn. Stat. §
543.19.  On information and belief, Baldwin transacts business in Minnesota and has
otherwise committed acts in and beyond Minnesota causing injury to Donaldson in
Minnesota.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)
and (c), and 1400(b).

## PATENTS-IN-SUIT

7.     On February 20, 2001, the United States Patent and Trademark Office
duly and legally issued United States Patent 6,190,432 ("the '432 patent"), entitled "Filter
Arrangement; Sealing System; and Methods," naming as inventors Steven Scott Gieseke and
Carolyn J. Finnerty.  A copy of the '432 patent is attached hereto as Exhibit A.

8.     Steven Scott Gieseke and Carolyn J. Finnerty assigned the entire right,
title and interest in and to the '432 patent to Donaldson.  The entire right, title and interest in
the '432 patent is owned by Donaldson.

9.     On February 26, 2002 the United States Patent and Trademark Office
duly and legally issued United States Patent 6,350,291 ("the '291 patent"), entitled "Filter
Arrangement; Sealing System; and Methods," naming as inventors Steven Scott Gieseke and
Carolyn J. Finnerty.  A copy of the '291 patent is attached hereto as Exhibit B.

10.    Steven Scott Gieseke and Carolyn J. Finnerty assigned the entire right,
title and interest in and to the '291 patent to Donaldson.  The entire right, title and interest in
the '291 patent is owned by Donaldson.

11.    On August 26, 2003 the United States Patent and Trademark Office
duly and legally issued United States Patent 6,610,117 ("the '117 patent"), entitled "Filter

Arrangement; Sealing System; and Methods," naming as inventors Steven Scott Gieseke and Carolyn J. Finnerty. A copy of the '117 patent is attached hereto as Exhibit C.

12.    Steven Scott Gieseke and Carolyn J. Finnerty assigned the entire right, title and interest in and to the '117 patent to Donaldson. The entire right, title and interest in the '117 patent is owned by Donaldson.

13.    On August 31, 2004 the United States Patent and Trademark Office duly and legally issued United States Patent 6,783,565 ("the '565 patent"), entitled "Filter Arrangement; Sealing System; and Methods," naming as inventors Steven Scott Gieseke and Carolyn J. Finnerty. A copy of the '565 patent is attached hereto as Exhibit D.

14.    Steven Scott Gieseke and Carolyn J. Finnerty assigned the entire right, title and interest in and to the '565 patent to Donaldson. The entire right, title and interest in the '565 patent is owned by Donaldson.

15.    On December 4, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent 7,303,604 ("the '604 patent"), entitled "Filter Arrangement; Sealing System; and Methods," naming as inventors Steven Scott Gieseke and Carolyn J. Finnerty. A copy of the '604 patent is attached hereto as Exhibit E.

16.    Steven Scott Gieseke and Carolyn J. Finnerty assigned the entire right, title and interest in and to the '604 patent to Donaldson. The entire right, title and interest in the '604 patent is owned by Donaldson.

17.    On February 11, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent 6,517,598 ("the '598 patent"), entitled "Filter Element Having Flange and Methods," naming as inventors Ross Norman Anderson, Wayne

R. W. Bishop and Steven Scott Gieseke.  A copy of the '598 patent is attached hereto as Exhibit F.

18.     Ross Norman Anderson, Wayne R. W. Bishop and Steven Scott Gieseke assigned the entire right, title and interest in and to the '598 patent to Donaldson. The entire right, title and interest in the '598 patent is owned by Donaldson.

## COUNT I:  INFRINGEMENT OF THE '432 PATENT

19.     Donaldson incorporates the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

20.     Baldwin, on information and belief, is infringing the '432 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

21.     Baldwin, on information and belief, is infringing the '432 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

22.     Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '432 patent in an amount to be determined at trial.

23.     Donaldson has suffered irreparable harm by Baldwin's infringement of the '432 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '432 patent.

## COUNT II:  INFRINGEMENT OF THE '291 PATENT

24.     Donaldson incorporates the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

25.     Baldwin, on information and belief, is infringing the '291 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

26.     Baldwin, on information and belief, is infringing the '291 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air·filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

27.     Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '291 patent in an amount to be determined at trial.

28.     Donaldson has suffered irreparable harm by Baldwin's infringement of the '291 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '291 patent.

## COUNT III:  INFRINGEMENT OF THE '117 PATENT

29.     Donaldson incorporates the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

30.     Baldwin, on information and belief, is infringing the '117 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters,

including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

31.    Baldwin, on information and belief, is infringing the '117 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

32.    Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '117 patent in an amount to be determined at trial.

33.    Donaldson has suffered irreparable harm by Baldwin's infringement of the '117 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '117 patent.

## COUNT IV:  INFRINGEMENT OF THE '565 PATENT

34.    Donaldson incorporates the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

35.    Baldwin, on information and belief, is infringing the '565 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

36.    Baldwin, on information and belief, is infringing the '565 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling

air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

37.    Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '565 patent in an amount to be determined at trial.

38.    Donaldson has suffered irreparable harm by Baldwin's infringement of the '565 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '565 patent.

## COUNT V:  INFRINGEMENT OF THE '604 PATENT

39.    Donaldson incorporates the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

40.    Baldwin, on information and belief, is infringing the '604 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

41.    Baldwin, on information and belief, is infringing the '604 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

42.    Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '604 patent in an amount to be determined at trial.

43.     Donaldson has suffered irreparable harm by Baldwin's infringement of the '604 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '604 patent.

## COUNT VI:  INFRINGEMENT OF THE '598 PATENT

44.     Donaldson incorporates the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

45.     Baldwin, on information and belief, is infringing the '598 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

46.     Baldwin, on information and belief, is infringing the '598 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

47.     Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '598 patent in an amount to be determined at trial.

48.     Donaldson has suffered irreparable harm by Baldwin's infringement of the '598 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '598 patent.

49.     Donaldson has complied with the provisions of 35 U.S.C. § 287(a).

## REQUEST FOR A JURY TRIAL

50.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Donaldson respectfully requests a trial by jury of any and all issues on which trial by jury is available under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Donaldson respectfully requests this Court:

A.     To enter judgment that Baldwin has infringed the '432 patent, '291 patent, '117 patent, '565 patent, '604 patent and '598 patent in violation of 35 U.S.C. § 271(a), (b) and/or (c);

B.     To enter orders preliminarily and permanently enjoining Baldwin, and its officers, agents, servants, employees, and all persons in active concert or participation with any of the foregoing, who receive actual notice by personal service or otherwise of the orders, from infringing the '432 patent, '291 patent, '117 patent, '565 patent,'604 patent and '598 patent in violation of 35 U.S.C. § 271(a), (b) and/or (c);

C.     To award Donaldson its respective damages in amounts sufficient to compensate it for Baldwin's infringement of the '432 patent, '291 patent, '117 patent, '565 patent,'604 patent and '598 patent, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D.     To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award Donaldson its costs, expenses and attorneys' fees incurred in this action; and

E.     To award Donaldson such other and further relief as this Court deems just and proper.

Dated:  May 5, 2009

FAEGRE & BENSON LLP

David J. F. Gross (# 208772)
Theodore M. Budd (# 314778)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Tel: (612) 766-7000
Fax: (612) 766-1600
Email: dgross@faegre.com;
tbudd@faegre.com

**ATTORNEYS FOR PLAINTIFF
DONALDSON COMPANY, INC.**

fb.us.3819361.01