UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DONALDSON COMPANY, INC., | Case No. 09-CV-1049 (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| BALDWIN FILTERS, INC., | |
| Defendant. | |

David J.F. Gross, Theodore M. Budd, Andrew F. Johnson, and Kevin P. Wagner, FAEGRE & BENSON, LLP, for plaintiff.

Lora Mitchell Friedemann, FREDRIKSON & BYRON, PA; Ann Marie T. Wahls, Mark A. Pals, Paul R. Steadman, Scott S. Evans, and Thomas W. Osier, KIRKLAND & ELLIS LLP, for defendant.

Defendant Baldwin Filters, Inc. ("Baldwin") filed on the Court's CM/ECF system a redacted version of its answer and counterclaim, Docket No. 73, in response to the amended complaint of plaintiff Donaldson Company, Inc. ("Donaldson"). Baldwin filed the unredacted version of its answer and counterclaim under seal. Donaldson then filed its reply to the counterclaim under seal and filed a placeholder on the Court's CM/ECF system. Docket No. 74. The Court has reviewed the unredacted versions of both documents and doubts that any legitimate basis exists for filing them under seal.

In the Eighth Circuit, "there is a common law presumption in favor of public access to judicial records . . . ." *United States v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996). Rather than applying a *strong* presumption in favor of such access, as do some other federal appellate courts, the Eighth Circuit gives deference to the trial court's decisions with respect to public

-1-

access to court records. *Webster Groves Sch. Dist. v. Pulitzer Publishing Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) ("When the common law right of access to judicial records is implicated, we give deference to the trial court rather than taking the approach of some circuits and recognizing a 'strong presumption' favoring access.").

The Court does not favor the practice, common among corporate litigants, of routinely filing documents under seal even if those documents do not contain genuine trade secrets. In particular, the Court agrees with both the Sixth and Second Circuits that a corporation's interest in protecting its reputation — as opposed to protecting genuine trade secrets — is not a legitimate basis for sealing court records. *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F. 2d 1165, 1179-80 (6th Cir. 1983); *Joy v. North*, 692 F.2d 880, 894 (2d Cir.1982). And although the Eighth Circuit has rejected the strong presumption in favor of access to court records that applies in the Sixth and Second Circuits, *see Webster Groves Sch. Dist.*, 898 F.2d at 1376, the Court believes that even without such a presumption, a corporation should rarely, if ever, be permitted to file a document under seal to protect its reputation.

The common-law right of access to court records is particularly strong with respect to documents of the type filed under seal by Baldwin and Donaldson in this case. When parties ask a judge to resolve their dispute, the public — for whom judges work — has a right to know the nature of that dispute. Baldwin's counterclaim and Donaldson's reply reveal the nature of their dispute and, as far as the Court can tell, do not reveal any genuine trade secrets.

Accordingly, because it appears to the Court that no legitimate basis exists for filing Baldwin's answer or Donaldson's reply under seal, the parties are hereby ORDERED TO SHOW

CAUSE by Monday, November 29, 2010 why the Court should not order them to refile these documents in unredacted form on the Court's CM/ECF system.

Dated: November 18, 2010  Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge