## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DONALDSON COMPANY, INC.,

      Plaintiff,

    v.

BALDWIN FILTERS, INC.

      Defendant.

Judge Patrick J. Schiltz
Magistrate Judge Arthur J. Boylan

Civil No. 0:09-cv-01049-PJS-AJB

### ANSWER AND COUNTERCLAIMS OF BALDWIN FILTERS, INC. TO DONALDSON COMPANY, INC.'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### JURY TRIAL DEMANDED

Defendant Baldwin Filters, Inc. ("Baldwin"), by its attorneys hereby answers the Complaint of Plaintiff, Donaldson Company, Inc. ("Donaldson") as follows:

### PARTIES

1.    Plaintiff Donaldson is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1400 West 94th Street, Bloomington, Minnesota 55431.

**ANSWER TO PARAGRAPH 1:** Baldwin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies such allegations.

2.    Defendant Baldwin is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 4400 E. Highway 30, Kearney, Nebraska 68847.

**ANSWER TO PARAGRAPH 2:** The allegations of paragraph 2 are admitted.

## JURISDICTION AND VENUE

3.      The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

**ANSWER TO PARAGRAPH 3:** Baldwin admits that this is an action against Baldwin for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a).

**ANSWER TO PARAGRAPH 4:** Baldwin admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Baldwin under Minn. Stat. § 543.19.  On information and belief, Baldwin transacts business in Minnesota and has otherwise committed acts in and beyond Minnesota causing injury to Donaldson in Minnesota.

**ANSWER TO PARAGRAPH 5:** Baldwin admits that this Court has personal jurisdiction over Baldwin pursuant to Minnesota Statute § 543.19.  Baldwin further admits that it transacts business in Minnesota.  Baldwin denies that it has committed acts in or beyond Minnesota causing injury to Donaldson in Minnesota.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(b).

**ANSWER TO PARAGRAPH 6:** Baldwin admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## **PATENTS-IN-SUIT**

7.     On February 20, 2001, the United States Patent and Trademark Office duly and legally issued United States Patent 6,190,432 ("the '432 patent"), entitled "Filter Arrangement; Sealing System; and Methods," naming as inventors Steven Scott Gieseke and Carolyn J. Finnerty.  A copy of the '432 patent is attached hereto as Exhibit A.

**ANSWER TO PARAGRAPH 7:** Baldwin admits that a copy of U.S. Patent No. 6,190,432 ("the '432 patent") was attached to the Complaint as Exhibit A.   Baldwin further admits that the issue date set forth on the '432 patent is February 20, 2001, and that Exhibit A to the Complaint is entitled "Filter Arrangement; Sealing System; and Methods," and lists Steven Scott Gieseke and Carolyn J. Finnerty as inventors.  Baldwin denies the remaining allegations set forth in paragraph 7.

8.     Steven Scott Gieseke and Carolyn J. Finnerty assigned the entire right, title and interest in and to the '432 patent to Donaldson.  The entire right, title and interest in the '432 patent is owned by Donaldson.

**ANSWER TO PARAGRAPH 8:** Baldwin admits that an assignment from Steven Scott Gieseke and Carolyn J. Finnerty to Donaldson exists for the '432 patent.

Baldwin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint and, therefore, denies them.

9.      On February 26, 2002 the United States Patent and Trademark Office duly and legally issued United States Patent 6,350,291 ("the '291 patent"), entitled "Filter Arrangement; Sealing System; and Methods," naming as inventors Steven Scott Gieseke and Carolyn J. Finnerty.  A copy of the '291 patent is attached hereto as Exhibit B.

**ANSWER TO PARAGRAPH 9:** Baldwin admits that a copy of U.S. Patent No. 6,350,291 ("the '291 patent") was attached to the Complaint as Exhibit B.  Baldwin further admits that the issue date set forth on the '291 patent is February 26, 2002, and that Exhibit B to the Complaint is entitled "Filter Arrangement; Sealing System; and Methods," and lists Steven Scott Gieseke and Carolyn J. Finnerty as inventors.  Baldwin denies the remaining allegations set forth in paragraph 9.

10.     Steven Scott Gieseke and Carolyn J. Finnerty assigned the entire right, title and interest in and to the '291 patent to Donaldson.  The entire right, title and interest in the '291 patent is owned by Donaldson.

**ANSWER TO PARAGRAPH 10:** Baldwin admits that an assignment from Steven Scott Gieseke and Carolyn J. Finnerty to Donaldson exists for the '291 patent. Baldwin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint and, therefore, denies them.

11.     On August 26, 2003 the United States Patent and Trademark Office duly and legally issued United States Patent 6,610,117 ("the '117 patent"), entitled "Filter Arrangement; Sealing System; and Methods," naming as inventors Steven Scott Gieseke and Carolyn J. Finnerty.  A copy of the '117 patent is attached hereto as Exhibit C.

**ANSWER TO PARAGRAPH 11:** Baldwin admits that a copy of U.S. Patent No. 6,610,117 ("the '117 patent") was attached to the Complaint as Exhibit C.  Baldwin further admits that the issue date set forth on the '117 patent is August 26, 2003, and that Exhibit C to the Complaint is entitled "Filter Arrangement; Sealing System; and Methods," and lists Steven Scott Gieseke and Carolyn J. Finnerty as inventors.  Baldwin denies the remaining allegations set forth in paragraph 11.

12.     Steven Scott Gieseke and Carolyn J. Finnerty assigned the entire right, title and interest in and to the '117 patent to Donaldson.  The entire right, title and interest in the '117 patent is owned by Donaldson.

**ANSWER TO PARAGRAPH 12:** Baldwin admits that the '117 patent states on its face that it is assigned to Donaldson.  Baldwin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint and, therefore, denies them.

13.     On August 31, 2004 the United States Patent and Trademark Office duly and legally issued United States Patent 6,783,565 ("the '565 patent"), entitled "Filter Arrangement; Sealing System; and Methods," naming as inventors Steven Scott Gieseke and Carolyn J. Finnerty.  A copy of the '565 patent is attached hereto as Exhibit D.

**ANSWER TO PARAGRAPH 13:** Baldwin admits that a copy of U.S. Patent No. 6,783,565 ("the '565 patent") was attached to the Complaint as Exhibit D.  Baldwin further admits that the issue date set forth on the '565 patent is August 31, 2004, and that Exhibit D to the Complaint is entitled "Filter Arrangement; Sealing System; and Methods," and lists Steven Scott Gieseke and Carolyn J. Finnerty as inventors.  Baldwin denies the remaining allegations set forth in paragraph 13.

14.    Steven Scott Gieseke and Carolyn J. Finnerty assigned the entire right, title and interest in and to the '565 patent to Donaldson.  The entire right, title and interest in the '565 patent is owned by Donaldson.

**ANSWER TO PARAGRAPH 14:** Baldwin admits that the '565 patent states on its face that it is assigned to Donaldson.  Baldwin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint and, therefore, denies them.

15.    On December 4, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent 7,303,604 ("the '604 patent"), entitled "Filter Arrangement; Sealing System; and Methods," naming as inventors Steven Scott Gieseke and Carolyn J. Finnerty.  A copy of the '604 patent is attached hereto as Exhibit E.

**ANSWER TO PARAGRAPH 15:** Baldwin admits that a copy of U.S. Patent No. 7,303,604 ("the '604 patent") was attached to the Complaint as Exhibit E.  Baldwin further admits that the issue date set forth on the '604 patent is December 4, 2007, and that Exhibit E to the Complaint is entitled "Filter Arrangement; Sealing System; and

Methods," and lists Steven Scott Gieseke and Carolyn J. Finnerty as inventors.  Baldwin denies the remaining allegations set forth in paragraph 15.

16.     Steven Scott Gieseke and Carolyn J. Finnerty assigned the entire right, title and interest in and to the '604 patent to Donaldson.  The entire right, title and interest in the '604 patent is owned by Donaldson.

**ANSWER TO PARAGRAPH 16:** Baldwin admits that the '604 patent states on its face that it is assigned to Donaldson.  Baldwin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint and, therefore, denies them.

17.     On February 11, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent 6,517,598 ("the '598 patent"), entitled "Filter Element Having Flange and Methods," naming as inventors Ross Norman Anderson, Wayne R.W. Bishop and Steven Scott Gieseke.  A copy of the '598 patent is attached hereto as Exhibit F.

**ANSWER TO PARAGRAPH 17:** Baldwin admits that a copy of U.S. Patent No. 6,517,598 ("the '598 patent") was attached to the Complaint as Exhibit F.  Baldwin further admits that the issue date set forth on the '598 patent is February 11, 2003, and that Exhibit F to the Complaint is entitled "Filter Elements Having Flange And Methods," and lists Ross Norman Anderson, Wayne R.W. Bishop, and Steven Scott Gieseke as inventors.  Baldwin denies the remaining allegations set forth in paragraph 17.

18.     Ross Norman Anderson, Wayne R.W. Bishop and Steven Scott Gieseke assigned the entire right, right, title and interest in and to the '598 patent to Donaldson. The entire right, title and interest in the '598 patent is owned by Donaldson.

**ANSWER TO PARAGRAPH 18:** Baldwin admits that an assignment exists from Ross Norman Anderson, Wayne R.W. Bishop, and Steven Scott Gieseke to Donaldson for the '598 patent.  Baldwin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint and, therefore, denies them.

19.     On February 12, 2008, the United States Patent and Trademark Office duly and legally issued United States Patent 7,329,326 ("the '326 patent"), entitled "Method of Making a Fluted Filter Media for Air Filter," naming as inventors Wayne M. Wagner, Gary G. Gillingham, Joseph C. Tokar, Daniel T. Risch, Jim C. Rothman, Fred H. Wahlquist, Bernard A. Matthys, Gregory L. Reichter, Stephen W. Sabelko, and Bryan D. Patten.  A copy of the '326 patent is attached hereto as Exhibit G.

**ANSWER TO PARAGRAPH 19:** Baldwin admits that a copy of U.S. Patent No. 7,329,326 ("the '326 patent") was attached to the Complaint as Exhibit G.  Baldwin further admits that the issue date set forth on the '326 patent is February 17, 2008, and that Exhibit G to the Complaint is entitled "Method of Making a Fluted Filter Media for Air Filter," and lists Wayne M. Wagner, Gary G. Gillingham, Joseph C. Tokar, Daniel T. Risch, Jim C. Rothman, Fred H. Wahlquist, Bernard A. Matthys, Gregory L. Reichter,

Stephen W. Sabelko, and Bryan D. Patten as inventors.  Baldwin denies the remaining allegations set forth in paragraph 19.

20.     Wayne M. Wagner, Gary G. Gillingham, Joseph C. Tokar, Daniel T. Risch, Jim C. Rothman, Fred H. Wahlquist, Bernard A. Matthys, Gregory L. Reichter, Stephen W. Sabelko, and Bryan D. Patten assigned the entire right, title and interest in and to the '326 patent to Donaldson.  The entire right, title and interest in the '326 patent is owned by Donaldson.

**ANSWER TO PARAGRAPH 20:** Baldwin admits that the '326 patent states on its face that it is assigned to Donaldson.  Baldwin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and, therefore, denies them.

## COUNT I: ALLEGED INFRINGEMENT OF THE '432 PATENT

21.     Donaldson incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

**ANSWER TO PARAGRAPH 21:** In response to paragraph 21, Baldwin restates, realleges, and incorporates by reference the answers contained in the preceding Answers to paragraph nos. 1-20 as if repeated herein.

22.     Baldwin, on information and belief, is infringing the '432 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or

importing air filters, including, for example, Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 22:** Baldwin denies the allegations of paragraph 22.

23.     Baldwin, on information and belief, is infringing the '432 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 23:** Baldwin denies the allegations of paragraph 23.

24.     Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '432 patent in an amount to be determined at trial.

**ANSWER TO PARAGRAPH 24:** Baldwin denies the allegations of paragraph 24.

25.     Donaldson has suffered irreparable harm by Baldwin's infringement of the '432 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '432 patent.

**ANSWER TO PARAGRAPH 25:** Baldwin denies the allegations of paragraph 25.

## COUNT II: ALLEGED INFRINGEMENT OF THE '291 PATENT

26.     Donaldson incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

**ANSWER TO PARAGRAPH 26**: In response to paragraph 26, Baldwin restates, realleges, and incorporates by reference the answers contained in the preceding Answers to paragraph nos. 1-20 as if repeated herein.

27.     Baldwin, on information and belief, is infringing the '291 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 27:** Baldwin denies the allegations of paragraph 27.

28.     Baldwin, on information and belief, is infringing the '291 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 28:** Baldwin denies the allegations of paragraph 28.

29.     Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '291 patent in an amount to be determined at trial.

**ANSWER TO PARAGRAPH 29:** Baldwin denies the allegations of paragraph 29.

30.     Donaldson has suffered irreparable harm by Baldwin's infringement of the '291 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '291 patent.

**ANSWER TO PARAGRAPH 30:** Baldwin denies the allegations of paragraph 30.

## COUNT III: ALLEGED INFRINGEMENT OF THE '117 PATENT

31.     Donaldson incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

**ANSWER TO PARAGRAPH 31:** In response to paragraph 31, Baldwin restates, realleges, and incorporates by reference the answers contained in the preceding Answers to paragraph nos. 1-20 as if repeated herein.

32.     Baldwin, on information and belief, is infringing the '117 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or

importing air filters, including, for example, Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 32:** Baldwin denies the allegations of paragraph 32.

33.     Baldwin, on information and belief, is infringing the '117 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 33:** Baldwin denies the allegations of paragraph 33.

34.     Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '117 patent in an amount to be determined at trial.

**ANSWER TO PARAGRAPH 34:** Baldwin denies the allegations of paragraph 34.

35.     Donaldson has suffered irreparable harm by Baldwin's infringement of the '117 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '117 patent.

**ANSWER TO PARAGRAPH 35:** Baldwin denies the allegations of paragraph 35.

## COUNT IV: ALLEGED INFRINGEMENT OF THE '565 PATENT

36.    Donaldson incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

**ANSWER TO PARAGRAPH 36:** In response to paragraph 36, Baldwin restates, realleges, and incorporates by reference the answers contained in the preceding Answers to paragraph nos. 1-20 as if repeated herein.

37.    Baldwin, on information and belief, is infringing the '565 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example Channel Flow® air filters, within the United States, and/or importing air filters, including, for example Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 37:** Baldwin denies the allegations of paragraph 37.

38.    Baldwin, on information and belief, is infringing the '565 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

14

**ANSWER TO PARAGRAPH 38:** Baldwin denies the allegations of paragraph 38.

39.    Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '565 patent in an amount to be determined at trial.

**ANSWER TO PARAGRAPH 39:** Baldwin denies the allegations of paragraph 39.

40.    Donaldson has suffered irreparable harm by Baldwin's infringement of the '565 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '565 patent.

**ANSWER TO PARAGRAPH 40:** Baldwin denies the allegations of paragraph 40.

## COUNT V: ALLEGED INFRINGEMENT OF THE '604 PATENT

41.    Donaldson incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

**ANSWER TO PARAGRAPH 41:** In response to paragraph 41, Baldwin restates, realleges, and incorporates by reference the answers contained in the preceding Answers to paragraph nos. 1-20 as if repeated herein.

42.    Baldwin, on information and belief, is infringing the '604 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example Channel Flow® air filters, within the United States, and/or

importing air filters, including, for example Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 42:** Baldwin denies the allegations of paragraph 42.

43.     Baldwin, on information and belief, is infringing the '604 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 43:** Baldwin denies the allegations of paragraph 43.

44.     Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '604 patent in an amount to be determined at trial.

**ANSWER TO PARAGRAPH 44:** Baldwin denies the allegations of paragraph 44.

45.     Donaldson has suffered irreparable harm by Baldwin's infringement of the '604 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '604 patent.

**ANSWER TO PARAGRAPH 45:** Baldwin denies the allegations of paragraph 45.

## COUNT VI: ALLEGED INFRINGEMENT OF THE '598 PATENT

46.     Donaldson incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

**ANSWER TO PARAGRAPH 46:** In response to paragraph 46, Baldwin restates, realleges, and incorporates by reference the answers contained in the preceding Answers to paragraph nos. 1-20 as if repeated herein.

47.     Baldwin, on information and belief, is infringing the '598 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling air filters, including, for example Channel Flow® air filters, within the United States, and/or importing air filters, including, for example Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 47:** Baldwin denies the allegations of paragraph 47.

48.     Baldwin, on information and belief, is infringing the '598 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, offering to sell, and/or selling air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

17

**ANSWER TO PARAGRAPH 48:** Baldwin denies the allegations of paragraph 48.

49.    Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '598 patent in an amount to be determined at trial.

**ANSWER TO PARAGRAPH 49:** Baldwin denies the allegations of paragraph 49.

50.    Donaldson has suffered irreparable harm by Baldwin's infringement of the '598 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '598 patent.

**ANSWER TO PARAGRAPH 50:** Baldwin denies the allegations of paragraph 50.

51.    Donaldson has complied with the provisions of 35 U.S.C. § 287(a).

**ANSWER TO PARAGRAPH 51:** Baldwin is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and, therefore, denies them.

## COUNT VII: INFRINGEMENT OF THE '326 PATENT

52.    Donaldson incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

**ANSWER TO PARAGRAPH 52:** In response to paragraph 52, Baldwin restates, realleges, and incorporates by reference the answers contains in the preceding Answers to paragraph nos. 1-20 as if repeated herein.

53.     Baldwin, on information and belief, has infringed and is infringing the '326 patent in violation of 35 U.S.C. § 271(a) by making fluted air filters, including, for example, Channel Flow® air filters, within the United States.

**ANSWER TO PARAGRAPH 53:** Baldwin denies the allegations of paragraph 53.

54.      Baldwin, on information and belief, has infringed and is infringing the '326 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in making, offering to sell, selling or using fluted air filters, including, for example, Channel Flow® air filters, within the United States, and/or importing air filters, including, for example, Channel Flow® air filters, into the United States.

**ANSWER TO PARAGRAPH 54:** Baldwin denies the allegations of paragraph 54.

55.     Baldwin, on information and belief, has infringed and is infringing the '326 patent in violation of 35 U.S.C. § 271(g) by importing into the United States and/or by offering to sell, selling or using within the United States air filters, including, for example, Channel Flow® air filters.

**ANSWER TO PARAGRAPH 55:** Baldwin denies the allegations of paragraph 55.

56.    Donaldson has suffered monetary damages as a result of Baldwin's infringement of the '326 patent in an amount to be determined at trial.

**ANSWER TO PARAGRAPH 56:** Baldwin denies the allegations of paragraph 56.

57.    Donaldson has suffered irreparable harm by Baldwin's infringement of the '326 patent and will continue to suffer irreparable harm in the future unless Baldwin is enjoined from infringing the '326 patent.

**ANSWER TO PARAGRAPH 57:** Baldwin denies the allegations of paragraph 57.

WHEREFORE, defendant Baldwin denies that Donaldson is entitled to any relief whatsoever and respectfully requests judgment dismissing the complaint with prejudice and with costs and attorneys fees, as may be allowed by law, and such further relief as the Court deems appropriate.

Defendant Baldwin denies each and every allegation of the Complaint not specifically herein admitted.

## <u>BALDWIN FILTERS' AFFIRMATIVE DEFENSES</u>

Without prejudice to the denials set forth in its Answer, Baldwin states the following affirmative defenses to the Complaint without assuming the burden of proof on

such defenses that would otherwise rest on Donaldson. Defendant reserves the right to add additional defenses as discovery proceeds in this litigation.

## FIRST AFFIRMATIVE DEFENSE—NON-INFRINGEMENT AND ABSENCE OF LIABILITY FOR INFRINGEMENT

58.     Baldwin does not and has not infringed, contributorily infringed, and/or induced infringement of any valid claim of the '432 patent under any theory of infringement.

59.     Baldwin does not and has not infringed, contributorily infringed, and/or induced infringement of any valid claim of the '291 patent under any theory of infringement.

60.     Baldwin does not and has not infringed, contributorily infringed, and/or induced infringement of any valid claim of the '117 patent under any theory of infringement.

61.     Baldwin does not and has not infringed, contributorily infringed, and/or induced infringement of any valid claim of the '565 patent under any theory of infringement.

62.     Baldwin does not and has not infringed, contributorily infringed, and/or induced infringement of any valid claim of the '604 patent under any theory of infringement.

63.     Baldwin does not and has not infringed, contributorily infringed, and/or induced infringement of any valid claim of the '598 patent under any theory of infringement.

64.    Baldwin does not and has not infringed, contributorily infringed, and/or induced infringement of any valid claim of the '326 patent under any theory of infringement.

## SECOND AFFIRMATIVE DEFENSE—PATENT INVALIDITY

65.    Upon information and belief, and as likely will be supported by evidence after a reasonable opportunity for further investigation and discovery, the '432 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

66.    Upon information and belief, and as likely will be supported by evidence after a reasonable opportunity for further investigation and discovery, the '291 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

67.    Upon information and belief, and as likely will be supported by evidence after a reasonable opportunity for further investigation and discovery, the '117 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

68.    Upon information and belief, and as likely will be supported by evidence after a reasonable opportunity for further investigation and discovery, the '565 patent is invalid for failure to comply with the conditions and requirements for patentability

specified in Title 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

69.     Upon information and belief, and as likely will be supported by evidence after a reasonable opportunity for further investigation and discovery, the '604 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

70.     Upon information and belief, and as likely will be supported by evidence after a reasonable opportunity for further investigation and discovery, the '598 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

71.     Upon information and belief, and as likely will be supported by evidence after a reasonable opportunity for further investigation and discovery, the '326 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE—LIMITATION OF DAMAGES

72.     Plaintiff's claims for damages of alleged infringement are limited pursuant to 35 U.S.C. § 287.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Baldwin Filters, Inc. ("Baldwin") for its Counterclaims against Plaintiff and Counterclaim Defendant Donaldson Company, Inc. ("Donaldson") states as follows:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), 2201, and 2202.

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

### THE PARTIES

3.      Baldwin is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 4400 E. Highway 30, Kearney, Nebraska 68847.

4.      Donaldson is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1400 West 94th Street, Bloomington, Minnesota 55431.

5.      This Court has personal jurisdiction over Donaldson because, among other reasons, Donaldson conducts business within this Judicial District and has availed itself of this Court to initiate this action.

### COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '432 PATENT

6.      The allegations contained in paragraphs 1-5 of these Counterclaims are incorporated as if fully set forth herein.

7.      Donaldson, in its Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '432 patent entitled "Filter Arrangement; Sealing System; and Methods."

8.      Donaldson has sued Baldwin in this present action, alleging infringement of the '432 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the alleged infringement of the '432 patent.

9.      Baldwin does not infringe and has not infringed any valid claim of the '432 patent literally or equivalently, directly or indirectly.

10.     Baldwin requests a declaratory judgment that Baldwin does not infringe, directly or indirectly, any claim of the '432 patent.

**COUNT II**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '291 PATENT**

11.     The allegations contained in paragraphs 1-5 of these Counterclaims are incorporated as if fully set forth herein.

12.     Donaldson, in its Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '291 patent entitled "Filter Arrangement; Sealing System; and Methods."

13.     Donaldson has sued Baldwin in this present action, alleging infringement of the '291 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the alleged infringement of the '291 patent.

14.     Baldwin does not infringe and has not infringed any valid claim of the '291 patent literally or equivalently, directly or indirectly.

25

15.     Baldwin requests a declaratory judgment that Baldwin does not infringe, directly or indirectly, any claim of the '291 patent.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '117 PATENT

16.     The allegations contained in paragraphs 1-5 of these Counterclaims are incorporated as if fully set forth herein.

17.     Donaldson, in its Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '117 patent entitled "Filter Arrangement; Sealing System; and Methods."

18.     Donaldson has sued Baldwin in this present action, alleging infringement of the '117 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the alleged infringement of the '117 patent.

19.     Baldwin does not infringe and has not infringed any valid claim of the '432 patent literally or equivalently, directly or indirectly.

20.     Baldwin requests a declaratory judgment that Baldwin does not infringe, directly or indirectly, any claim of the '117 patent.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '565 PATENT

21.     The allegations contained in paragraphs 1-5 of these Counterclaims are incorporated as if fully set forth herein.

22.     Donaldson, in its Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '565 patent entitled "Filter Arrangement; Sealing System; and Methods."

23.     Donaldson has sued Baldwin in this present action, alleging infringement of the '565 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the alleged infringement of the '565 patent.

24.     Baldwin does not infringe and has not infringed any valid claim of the '565 patent literally or equivalently, directly or indirectly.

25.     Baldwin requests a declaratory judgment that Baldwin does not infringe, directly or indirectly, any claim of the '565 patent.

**COUNT V**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '604 PATENT**

26.     The allegations contained in paragraphs 1-5 of these Counterclaims are incorporated as if fully set forth herein.

27.     Donaldson, in its Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '604 patent entitled "Filter Arrangement; Sealing System; and Methods."

28.     Donaldson has sued Baldwin in this present action, alleging infringement of the '604 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the alleged infringement of the '604 patent.

29.     Baldwin does not infringe and has not infringed any valid claim of the '604 patent literally or equivalently, directly or indirectly.

27

30.     Baldwin requests a declaratory judgment that Baldwin does not infringe, directly or indirectly, any claim of the '604 patent.

## COUNT VI
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '598 PATENT

31.     The allegations contained in paragraphs 1-5 of these Counterclaims are incorporated as if fully set forth herein.

32.     Donaldson, in its Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '598 patent entitled "Filter Element Having Flange and Methods."

33.     Donaldson has sued Baldwin in this present action, alleging infringement of the '598 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the alleged infringement of the '598 patent.

34.     Baldwin does not infringe and has not infringed any valid claim of the '598 patent literally or equivalently, directly or indirectly.

35.     Baldwin requests a declaratory judgment that Baldwin does not infringe, directly or indirectly, any claim of the '598 patent.

## COUNT VII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '326 PATENT

36.     The allegations contained in paragraphs 1-5 of these Counterclaims are incorporated as if fully set forth herein.

37.     Donaldson, in its Complaint, purports to be the assignee and lawful owner of all right, title, and interest in and to the '326 patent entitled "Method of Making a Fluted Filer Media for Air Filter."

38.     Donaldson has sued Baldwin in this present action, alleging infringement of the '326 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the alleged infringement of the '326 patent.

39.     Baldwin does not infringe and has not infringed any valid claim of the '326 patent literally or equivalently, directly or indirectly.

40.     Baldwin requests a declaratory judgment that Baldwin does not infringe, directly or indirectly, any claim of the '326 patent.

## COUNT VIII
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '432 PATENT

41.     The allegations contained in paragraphs 1-5, 7, and 8 of these Counterclaims are incorporated as if fully set forth herein.

42.     Donaldson has sued Baldwin in this present action, alleging infringement of the '432 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the validity of the '432 patent.

43.     Each claim of the '432 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

44.     Baldwin requests a declaratory judgment that each claim of the '432 patent is invalid.

## COUNT IX
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '291 PATENT

45.     The allegations contained in paragraphs 1-5, 12, and 13 of these Counterclaims are incorporated as if fully set forth herein.

46.     Donaldson has sued Baldwin in this present action, alleging infringement of the '291 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the validity of the '291 patent.

47.     Each claim of the '291 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

48.     Baldwin requests a declaratory judgment that each claim of the '291 patent is invalid.

## COUNT X
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '117 PATENT

49.     The allegations contained in paragraphs 1-5, 17, and 18 of these Counterclaims are incorporated as if fully set forth herein.

50.     Donaldson has sued Baldwin in this present action, alleging infringement of the '117 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the validity of the '117 patent.

51.     Each claim of the '117 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

52.     Baldwin requests a declaratory judgment that each claim of the '117 patent is invalid.

**COUNT XI**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '565 PATENT**

53.     The allegations contained in paragraphs 1-5, 22, and 23 of these Counterclaims are incorporated as if fully set forth herein.

54.     Donaldson has sued Baldwin in this present action, alleging infringement of the '565 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the validity of the '565 patent.

55.     Each claim of the '565 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

56.     Baldwin requests a declaratory judgment that each claim of the '565 patent is invalid.

**COUNT XII**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '604 PATENT**

57.     The allegations contained in paragraphs 1-5, 27, and 28 of these Counterclaims are incorporated as if fully set forth herein.

58.     Donaldson has sued Baldwin in this present action, alleging infringement of the '604 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the validity of the '604 patent.

59.     Each claim of the '604 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

60.     Baldwin requests a declaratory judgment that each claim of the '604 patent is invalid.

## COUNT XIII
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '598 PATENT

61.     The allegations contained in paragraphs 1-5, 32, and 33 of these Counterclaims are incorporated as if fully set forth herein.

62.     Donaldson has sued Baldwin in this present action, alleging infringement of the '598 patent.   Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the validity of the '598 patent.

63.     Each claim of the '598 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

64.     Baldwin requests a declaratory judgment that each claim of the '598 patent is invalid.

## COUNT XIV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '326 PATENT

65.     The allegations contained in paragraphs 1-5, 37, and 38 of these Counterclaims are incorporated as if fully set forth herein.

66.     Donaldson has sued Baldwin in this present action, alleging infringement of the '326 patent.  Thus, an immediate, real, and justiciable controversy exists between Baldwin and Donaldson with respect to the validity of the '326 patent.

67.     Each claim of the '326 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

68.     Baldwin requests a declaratory judgment that each claim of the '326 patent is invalid.

## COUNT XV
## CLAIM FOR FALSE PATENT MARKING

69.     The allegations contained in paragraphs 1-5 of these Counterclaims are incorporated as if fully set forth herein.

70.     Baldwin, as Relator, brings this *qui tam* action against Donaldson under 35 U.S.C. § 292 for the false marking of unpatented articles with the intent to deceive the public.

71.     Donaldson manufactures, distributes, markets, sells, and/or offers for sale products purportedly covered by the '432 patent, as part of its PowerCore line of products.

72.     Donaldson has sold and/or continues to sell the part number CASE 87037984, which, on information and belief, corresponds to Donaldson part number P608533, as part of the PSD08 line of PowerCore products.

73.     Donaldson has falsely marked and/or continues to falsely mark, without limitation, the PowerCore part number CASE 87037984 with "US Pat 6190432," indicating that at least one claim of the '432 patent covers the product.

74.     No claim of the '432 patent covers PowerCore part number CASE 87037984.

75.     The CASE 87037984 product does not include the "extension projecting axially from one of said first and second flow faces" required by all independent claims of the '432 patent.   *See* Exhibit A to Donaldson's Amended Complaint (Dkt. No. 72-1),'432 Pat., Cls. 1(b)(ii)(A), 12(b)(i), 20(a)(i).

76.     Donaldson has asserted the '432 patent against Baldwin in the present action and, on information and belief, Donaldson knows that the '432 patent claims cannot read on the CASE 87037984.

77.     In this case, Donaldson takes the position that the "extension projecting axially from one of said first and second flow faces and in the same direction as said longitudinal axis," properly construed, means "a portion of the frame arrangement that projects outwardly from a flow face in an axial direction."   This construction, even if adopted by the Court, would not cover CASE 87037984.   Donaldson's inconsistent position in this case on the one hand, and its marking procedure on the other, further illustrates Donaldson's knowledge that the marking was false and that Donaldson thus acted with the intent to deceive the public.

78.     On information and belief, Donaldson engineering drawings for the design of the CASE 87037984 show that Donaldson contemplated use of the "US Pat 6190432"

label, even though the drawings highlight a frame construction that does not contain an "extension projection axially" as required by the '432 patent.

79.     The '432 patent is part of Donaldson's global patent portfolio, and Donaldson claims to vigorously police and enforce its perceived patent rights against competitors.

80.     As part of this enforcement effort, Donaldson routinely employs outside counsel, along with in-house counsel, to apply for, obtain, license, and/or litigate patents, and to analyze their claim scope.

81.     On information and belief, in order to deter a perceived threat that competitors will copy its designs, Donaldson requires that all PowerCore products contain patent markings.  Donaldson further requires that all PowerCore products are labeled with one of two specific labels listing the patents that purportedly cover each product.

82.     On information and belief, as part of its patent marking scheme to aggressively mark its PowerCore products, Donaldson has at least considered marking PowerCore products with "Pat. Pend." without regard to whether such products actually have pending patent protection.

83.     On information and belief, as part of its marking activities, Donaldson employs outside counsel and internal employees that should know which patents actually cover Donaldson's products, yet Donaldson has marked products with patents that clearly do not cover such products, suggesting that Donaldson knew that the '432 patent did not cover CASE 87037984.

84.     On information and belief, Donaldson falsely marked CASE 87037984, and for the reasons stated above, Donaldson knew that CASE 87037984 was falsely marked and thus acted with the intent to deceive the public.

85.     By the actions described above, Donaldson has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has wrongfully quelled competition with respect to the falsely marked products.

86.     In each instance where Donaldson falsely represents that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.

87.     Donaldson misleads the public into believing that it controls the CASE 87037984 and similar products and increases the cost to the public (including Baldwin and other competitors) of ascertaining whether Donaldson in fact controls the intellectual property embodied in the product.

88.     As a direct and proximate result of Donaldson's acts of false patent marking, the interests of the public and of the United States have been and continue to be injured and such interests have sustained and will continue to sustain actual and statutory damages.

## **REQUESTED RELIEF**

WHEREFORE, Baldwin prays that:

A.     Plaintiff's Complaint be dismissed with prejudice and that judgment be entered for Baldwin;

B.     The '432, '291, '117, '565, '604, '598, and '326 patents be adjudged and decreed to be invalid;

C.     Baldwin be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe the claims of the '432, '291, '117, '565, '604, '598, and '326 patents;

D.     This Court enter a judgment in favor of Baldwin, as Relator, finding that Defendant has falsely marked unpatented articles in violation of 35 U.S.C. § 292;

E.     This Court enter a monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

F.     This Court enter an injunction prohibiting Donaldson, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns and those in active concert or participation with any of them, from violating 35 U.S.C. § 292;

G.     This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Baldwin be awarded its costs and attorneys fees in defending this action; and

H.     This Court award Baldwin such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Baldwin hereby respectfully requests a jury trial on all issues and claims so triable.

Dated:  September 10, 2010           Respectfully submitted,

s/ *Lora M. Friedemann*

Lora Mitchell Friedemann (#259615)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402-1425
Telephone: (612) 492-7185
Facsimile: (513) 651-7077

Mark A. Pals, P.C. (*Admitted Pro Hac Vice*)
Paul R. Steadman, P.C. (*Admitted Pro Hac Vice*)
Ann Marie T. Wahls (*Admitted Pro Hac Vice*)
Scott S. Evans (*Admitted Pro Hac Vice*)
Thomas W. Osier (*Admitted Pro Hac Vice*)
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, Illinois 60601
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendant*
*Baldwin Filters, Inc.*